## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Donald B. Keys, | ) | Case No. 1:00 CV 2842 |
| | ) | |
| Plaintiff, | ) | Judge Nugent |
| | ) | |
| vs. | ) | Magistrate Judge Streepy |
| | ) | |
| Minnesota Mining and | ) | |
| Manufacturing Company, | ) | |
| | ) | **ANSWER OF DEFENDANT** |
| Defendant. | ) | **MINNESOTA MINING AND** |
| | ) | **MANUFACTURING COMPANY** |
| | ) | **TO THE FIRST, SECOND, AND** |
| | ) | **THIRD CAUSES OF ACTION AND** |
| | ) | **COUNTERCLAIM FOR** |
| | ) | **DECLARATORY JUDGMENT** |

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant

Minnesota Mining and Manufacturing Company ("3M"), by and through counsel, for its

Answer to Plaintiff Donald B. Keys' ("Mr. Keys") Complaint, admits and denies the

allegations set forth in the first, second, and third causes of action as set forth below in the

following paragraphs which are numbered to correspond with the counterpart paragraphs of

the Complaint:

## I.    INTRODUCTION

1.      3M admits that the Complaint filed by Mr. Keys names 3M as the

Defendant, alleges causes of action for patent infringement, breach of contract,

misrepresentation, and antitrust violations, and requests compensatory and punitive damages. 3M denies each of the remaining allegations of paragraph 1 of the Complaint.

## II.   JURISDICTION

2.    3M admits the allegations of paragraph 2 of the Complaint.

3.    3M denies each of the allegations of paragraph 3 of the Complaint.

## III.   PARTIES

4.    3M admits that it is a Delaware corporation having a principal place of business in St. Paul, Minnesota, and that it distributes various retail and commercial products to the State of Ohio, but denies that said products are manufactured in the State of Ohio. 3M is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint and, therefore, denies the same.

## IV.   CAUSE OF ACTION – PATENT INFRINGEMENT

5.    3M admits that United States Letters Patent No. 5,626,175 issued on May 6, 1997 and is entitled "Plastic Film Indoor Window Insulation Kit with Reinforced Access Ports," but denies that this patent was duly and legally granted. 3M is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint and, therefore, denies the same.

6.    3M denies each of the allegations of paragraph 6 of the Complaint.

7.    3M admits that Mr. Keys has provided written notice of his patent to 3M, but denies each of the remaining allegations in paragraph 7 of the Complaint.

8.    3M denies each of the allegations of paragraph 8 of the Complaint.

## V.    CAUSE OF ACTION – BREACH OF CONTRACT

9.    3M hereby incorporates by reference its answers contained in paragraphs 1 – 8 above as though fully set forth herein.

10.    3M admits the allegations of paragraph 10 of the Complaint, with the exception that the person who executed the Option Agreement on behalf of 3M was an Executive Vice President.

11.    3M denies each of the allegations of paragraph 11 of the Complaint.

12.    3M denies each of the allegations of paragraph 12 of the Complaint.

13.    3M denies each of the allegations of paragraph 13 of the Complaint.

14.    3M denies each of the allegations of paragraph 14 of the Complaint.

15.    3M admits that in April of 1995, when plaintiff first disclosed plaintiff's New Product Proposal to defendant, defendant was not obligated to inform plaintiff of any prior art that defendant may have known in the area of plaintiff's New Product Proposal, but denies each of the remaining allegations of paragraph 15 of the Complaint.

16.    3M denies each of the allegations of paragraph 16 of the Complaint.

17.    3M denies each of the allegations of paragraph 17 of the Complaint.

18.    3M denies each of the allegations of paragraph 18 of the Complaint.

## VI.    CAUSE OF ACTION - MISREPRESENTATION

19.    3M hereby incorporates by reference its answers contained in paragraphs 1 – 18 above as though fully set forth herein.

3

20.    3M denies each of the allegations of paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES

130.    This Court lacks jurisdiction over the subject matter of the causes of action for breach of contract and "misrepresentation."

131.    The Complaint fails to state any claim upon which relief can be granted and should, therefore, be dismissed pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

132.    When Mr. Keys submitted his new product proposal to 3M, Mr. Keys agreed that the information was being furnished to 3M on a non-confidential and unrestricted basis, and its disclosure to 3M did not establish any obligation of confidence or other restriction on 3M.

133.    When Mr. Keys submitted his new product proposal to 3M, Mr. Keys agreed that 3M assumed no obligation to tell him anything 3M previously knew or has discovered since Mr. Keys submitted his idea.

134.    Mr. Keys relied on the advice of his lawyer, Mark Svat, in negotiating and entering into the Option Agreement.

135.    3M has performed each of the duties and obligations to be performed by it that are set forth in the Option Agreement.

136.    On or about July 1, 1996, 3M informed the lawyer then representing Mr. Keys, Mark Svat, that 3M had decided not to go forward with Mr. Keys' new product proposal, *i.e.*, not to exercise any of the options granted to 3M in the Option Agreement.

4

137.  3M had no duty or obligation to explain to Mr. Keys why 3M had decided not to go forward with Mr. Keys' new product proposal.

138.  After 3M informed Mr. Keys through his lawyer Mark Svat on or about July 1, 1996 that 3M had decided not to go forward with Mr. Keys' new product proposal, Mr. Keys was free to market his product without restriction to 3M's competitors, or to manufacture and market it himself.

139.  3M also informed Mr. Keys in a letter dated October 5, 1997 from Jeffrey Peterson, that 3M did not wish to pursue a business relationship with Mr. Keys.

140.  The new instructions added to the packaging of 3M's Indoor Window Insulator Kit in 1997 do not instruct purchasers how to infringe Mr. Keys' U.S. Patent No. 5,626,175.

141.  3M does not prepare or approve in advance its customers' advertising.

142.  On information and belief, one or more claims of United States Letters Patent No. 5,626,175 ("the '175 Patent") is and at all times has been invalid for failure to comply with one or more of the requirements for patentability specified in the patent laws of the United States, including §§101, 102, 103, and 112 of Title 35, United States Code.

143.  Since as early as sometime in 1990, 3M technical service representatives have instructed consumers on how to install the 3M Interior Window Insulator Kit to allow for adjustment of window blinds and window shades by reinforcing the window film with tape, cutting a hole in the film, and placing the control rod or draw string through the film.

5

144. On information and belief, if any of the claims of the '175 Patent are valid and enforceable, the methods and/or products manufactured, used or sold by 3M did not and do not infringe any of the claims of the '175 Patent.

145. Properly construed, no valid claim in the '175 Patent covers any method used by 3M of insulating a window of a window installation on an interior of a building, or any method used by 3M or its customers of forming an access port.

145. By reason of positions taken by Mr. Keys to secure the issuance of the '175 Patent by the United States Patent and Trademark Office in response to Office Actions by the Patent Examiner, Mr. Keys is barred by prosecution history estoppel from any application of the doctrine of equivalents that would be necessary for infringement of any of the claims in the '175 Patent by any method practiced or any product made, used, or sold by 3M or by its customers.

146. Upon information and belief, Mr. Keys has failed to comply with the patent marking provisions of 35 U.S.C. §287(a) whereby any damages that may be recoverable for infringement of the '175 Patent are barred prior to the time Mr. Keys gave actual notice to 3M of 3M's alleged infringement of the '175 Patent.

147. The Complaint is barred by the actions of Mr. Keys, by virtue of the doctrines of laches and estoppel.

148. The cause of action for "misrepresentation" set forth in the Complaint did not accrue within the period of time required by the applicable statute of limitations.

149. The cause of action for "misrepresentation" set forth in the Complaint did not accrue within four (4) years next before the commencement of this action on November 9, 2000 in that the facts alleged in the Complaint and claimed to constitute "misrepresentation" were actually known to Mr. Keys at the time the Option Agreement was executed in March, 1996.

150. 3M reserves the right to raise additional affirmative defenses as they arise during the course of discovery and are appropriate.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT
## OF PATENT NONINFRINGEMENT AND INVALIDITY

Under the provisions of Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant Minnesota Mining and Manufacturing Company ("3M"), by and through counsel, brings the following Counterclaim against Plaintiff Donald B. Keys ("Mr. Keys"):

1. Counterclaim Plaintiff 3M is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 3M Center, St. Paul, Minnesota.

2. On information and belief, Counterclaim Defendant Mr. Keys is an individual residing at 983 Pembrook Road, Cleveland Hts., Ohio, 44121.

3. This is a civil action for a declaratory judgment that United States Letters Patent No. 5,626,175 ("the '175 Patent") is invalid and not infringed by 3M, either directly or by inducing infringement.

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(b), 2201, and 2202.  This is an action under the patent laws of the United States, 35 U.S.C. §§1 – 376, which provides for original jurisdiction in all actions arising under the Patent Act.

5.     Venue is proper in this district under 28 U.S.C. §1391(b).

6.     On November 9, 2000, Counterclaim Defendant Mr. Keys filed suit against 3M in the United States District Court for the Northern District of Ohio, alleging, *inter alia*, infringement of the '175 Patent by 3M.

7.     As a result of the aforementioned suit, an actual and justiciable controversy therefore exists between the parties.

8.     The '175 Patent is invalid for failure to comply with the requirements of Part II of Title 35 of the United States Code.

9.     3M does not directly infringe, nor has 3M induced the infringement of, any of the claims in the '175 Patent.

WHEREFORE, Counterclaimant 3M prays for the following relief:

1.     That Mr. Keys' Complaint be dismissed with prejudice against 3M, and that 3M recover judgment for its costs and disbursements incurred herein.

2.     That United States Letters Patent No. 5,626,175 be declared invalid and not infringed by 3M.

3.     That Mr. Keys and his agents, servants, employees, attorneys, representatives, and all other persons in active concert or participation with him be

preliminarily and permanently enjoined and restrained from charging infringement or

instituting any action for infringement of United States Letters Patent No. 5,626,175

against 3M and its customers.

4.      That this case be declared "exceptional" and Counterclaimant 3M be

awarded its costs, expenses, and reasonable attorney's fees.

5.      That 3M have such other and further relief as this Court may deem just and

proper.

Respectfully submitted,

Date: January 22, 2001                By: _____

John T. Wiedemann (0065844)
Sean T. Moorhead (0061725)
**CALFEE, HALTER & GRISWOLD LLP**
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, Ohio   44114
216/622-8200
jwiedemann@calfee.com

Attorneys for Defendant
**Minnesota Mining and**
   **Manufacturing Company**

## CERTIFICATE OF SERVICE

Copies of the foregoing Defendant Minnesota Mining and Manufacturing

Company's Answer to the First, Second, and Third Causes of Action and Counterclaim

for Declaratory Judgment, and Case Information Statement were served, via U.S. Mail,

postage prepaid, upon Donald B. Keys, 983 Pembrook Road, Cleveland Heights, 44121

this 22nd day of January, 2001.

_____